## E. DeLue & Company, Defendant in Error, v. D. D. Spear, Plaintiff in Error.

### Gen. No. 20,486. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed April 13, 1915.

### Statement of the Case.

Action by E. DeLue & Company, a corporation, against D. D. Spear to recover rent claimed to be due under the terms of the following written agreement:

"Chicago, June 7, 1911.

"I, D. D. Spear, hereby agree to rent the second floor of 3847 Cottage Grove from June 12, 1911, to April 30, 1913, from E. DeLue & Co., for $40 monthly rental from June 1, 1911, and sign a lease for same. In addition I agree to pay $250, in cash, $5 at time of signing this contract and balance of $245 on or before June 12, 1911.

(Signed)  D. D. SPEAR,
E. DeLUE & Co.,
Incorporated. Seal.
Chicago, Illinois."

Plaintiff claimed that after the defendant had entered into possession he refused to execute a formal lease of the premises but occupied the same until some time in June, 1912, when he vacated, and that the premises stood vacant from July, 1912, up to and including the month of April, 1913. Plaintiff also asserted an additional claim against defendant for $350, for ten months' rent of the third floor of said premises covering the months of July, 1912 to April, 1913, inclusive, at an agreed rental of $35 per month, the defendant having vacated the latter premises at the same time that he vacated the premises described in above agreement.

Among the defenses set forth in defendant's affidavit of merits were the following: (1) That under the provisions of said written agreement plaintiff was to furnish a written lease for the premises but that the same was not executed; (2) that defendant did not either occupy said *third* floor of the premises or enter into a verbal lease therefor with plaintiff; and (3) that each of the several supposed promises in plaintiff's statement of claim mentioned was an agreement not to be performed within the space of one year from the making thereof, and no memorandum thereof in writing was signed by the defendant, or by any person thereunto by him lawfully authorized.

The case was tried before the court and jury, and at the conclusion of all the evidence the court directed the jury to return a verdict in favor of plaintiff in the sum of $435, upon which verdict judgment against the defendant was entered. The court held that the sum of $400 was due plaintiff under said written agreement of June 7, 1911, and $35 for one month's rent for the third floor of said premises.

From this judgment, defendant brings error.

EDWARD J. KELLEY and COLEMAN S. EVERETT, for plaintiff in error.

FREDERIC A. FISCHEL, for defendant in error.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

### Abstract of the Decision.

1. LANDLORD AND TENANT, § 6*—*when memorandum sufficient as a lease.* A memorandum signed by the parties thereto setting forth the period of the tenancy, the premises and rental, is binding on the parties thereto the same as a formal written lease, and the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

lessor may recover rent for the unexpired term where the lessee quits without legal justification.

2. LANDLORD AND TENANT, § 6*—*when refusal to execute lease does not affect prior agreement.* Where a memorandum of a lease setting forth premises, term and rental is signed by the parties thereto, a subsequent refusal by the tenant to sign a formal written lease does not render the memorandum lease any the less binding.

3. LANDLORD AND TENANT, § 284*—*when liable for month's rent on abandonment.* Where a tenant enters into possession of premises leased under a verbal lease for a term exceeding one year, he is liable for a month's rent as a tenant from month to month unless due notice of his intention to terminate the tenancy is given the lessor.